UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

VISKHAN NESARKHOEVICH
DZHELIGOV,

    Plaintiff,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY,
ALEJANDRO MAYORKAS,
*Secretary of Homeland Security,*
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,
UR M. JADDOU, *Director of USCIS,* and
JEDIDAH HUSSEY,
*USCIS Arlington Asylum Office Director,*

    Defendants.

Civil Action No. TDC-23-0985

**MEMORANDUM ORDER**

Plaintiff Viskhan Nesarkhoevich Dzheligov has filed this civil action against the United States Department of Homeland Security ("DHS"); United States Citizenship and Immigration Services ("USCIS"), a component agency of DHS; and certain DHS and USCIS officials, in which he seeks a writ of mandamus and injunctive relief to require USCIS to adjudicate his previously submitted applications for asylum and related relief. Defendants have filed a Motion to Dismiss, which is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion will be GRANTED.

**BACKGROUND**

Plaintiff Viskhan Nesarkhoevich Dzheligov is a citizen of Russia. According to USCIS records, on July 18, 2021, he sought admission to the United States at the port of entry in San

Ysidro, California but did not have any valid entry documents. On or about December 27, 2021, Dzheligov submitted to USCIS an Application for Asylum and Withholding of Removal on Form I-589 ("Form I-589"). On or about May 27, 2022, Dzheligov submitted to USCIS an Application for Employment Authorization on Form I-765 ("Form I-765"). On August 23, 2022, USCIS denied Dzheligov's Form I-765. In the denial notice, USCIS stated that because "the asylum office administratively closed" his Form I-589 asylum application "on April 6, 2022 due to lack of jurisdiction," Dzheligov was not eligible for employment authorization under 8 C.F.R. § 274a.12(c)(8), which allows USCIS to grant such authorization to an applicant who has a pending "complete application for asylum or withholding of deportation or removal." Decision at 1, Compl. Ex. 4, ECF No. 1. The denial notice also advised that an applicant "in proceedings within the Executive Office for Immigration Review ("EOIR"), may re-file the Form I-589 with the immigration court." Id. From September 2022 through February 2023, Dzheligov attempted to appeal this decision or to have his asylum application reopened, but he was unsuccessful.

On April 12, 2023, Dzheligov filed suit in this Court seeking a writ of mandamus, or other declaratory and injunctive relief, to require USCIS to adjudicate immediately his Form I-589 asylum application and his Form I-765 application for employment authorization. On June 13, 2023, Dzheligov received a Notice to Appear for Removal Proceedings, known as a Form I-862, requiring him to appear on October 11, 2023 for a removal hearing in the Immigration Court, which is within the EOIR and part of the United States Department of Justice. In a letter issued the same day, USCIS stated that Dzheligov previously had been issued a Form I-862 Notice to Appear ("the First NTA") but that it had not been properly filed and docketed, so USCIS was issuing a new Form I-862 ("the Second NTA") and was also forwarding his I-589 asylum application to the Immigration Court for consideration.

2

## DISCUSSION

In their Motion to Dismiss, Defendants argue that this case must be dismissed for lack of subject matter jurisdiction because following the issuance of the First and Second NTAs, the Immigration Court has had exclusive jurisdiction over Dzheligov's Form I-589 asylum application. *See* 8 C.F.R. § 208.2(a), (b). Defendants also assert that USCIS approved Dzheligov's Form I-765 on April 25, 2023. Because Dzheligov has agreed in his memorandum in opposition to the Motion that the Form I-765 has been approved, the Court deems the request relating to the Form I-765 to be moot.

### I.   Legal Standards

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal for lack of subject matter jurisdiction. When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

Because Dzheligov disputes that Defendants' argument implicates subject matter jurisdiction, the Court also considers whether dismissal is warranted, based on the same argument, for failure to state a claim under Rule 12(b)(6). To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for

3

relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Ordinarily, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any documents attached to that pleading. However, courts may consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Courts may also consider facts and documents subject to judicial notice, such as those arising in another judicial proceeding, without converting a motion to dismiss into a motion for summary judgment. Fed. R. Evid. 201(b)(2); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Accordingly, the Court will consider, as integral to the complaint and subject to judicial notice, the attachments to the Motion to Dismiss, consisting of documents issued in relation to Dzheligov's immigration proceedings: the Second NTA and a "Notice of Forwarding of Form I-589 to EOIR." Mot. Dismiss Exs. 1-2, ECF Nos. 13-1, 13-2.

## II.     Form I-589

Under either Rule 12 standard, the Court finds that Dzheligov's Complaint must be dismissed. In general, Dzheligov has identified legal authority for this Court to issue a writ of mandamus or to order injunctive relief against USCIS, including 28 U.S.C. § 1361, which provides

4

that federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2018); *see also* 5 U.S.C. § 706(1) (2018) (granting the reviewing court the authority to "compel agency action unlawfully withheld or unreasonably delayed"). However, such a writ may issue only upon a showing of (1) "a clear right to the relief sought"; (2) a clear duty to take "the particular act requested"; and (3) the unavailability of any other adequate remedy. *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988).

At this point, however, USCIS no longer has jurisdiction over the Form I-589. USCIS has "initial jurisdiction over . . . [a]n asylum application filed by an alien physically present in the United States or seeking admission at a port-of-entry." 8 C.F.R. § 208.2(a) (2023). However, the Immigration Court has "exclusive jurisdiction over asylum applications filed by an alien who has been served . . . [a] Form I-862, Notice to Appear, after the charging document has been filed with the Immigration Court." *Id.* § 208.2(b). Thus, any writ of mandamus or other court order issued to compel DHS or USCIS to act on the Form I-589 would be improper because Defendants lack jurisdiction to act on Dzheligov's asylum application.

Dzheligov argues that this Court should nevertheless find that it has subject matter jurisdiction over this case, make determinations that USCIS violated Dzheligov's rights, and even terminate or dismiss the pending removal proceedings against Dzheligov because his Form I-589 may have been filed before the First NTA was issued, the First NTA was never filed with the Immigration Court, and USCIS made numerous errors in relation to Dzheligov's Form I-589 such that it has "unclean hands" and relief is warranted as a matter of "fundamental fairness." Opp'n ¶¶ 12, 14, ECF No. 14. At this early stage, it appears that USCIS has made errors, including failing

5

to docket the First NTA with the Immigration Court and closing the Form I-589 asylum application in April 2022, presumably based on the erroneous belief that the First NTA had been docketed. Nevertheless, even if the Court were to deem the First NTA invalid, the issuance of the Second NTA on June 13, 2023 deprives USCIS of jurisdiction over the Form I-589 as a matter of law. *See* 8 U.S.C. § 8 C.F.R. § 208.2(b). Significantly, Dzheligov has provided no authority supporting the argument that the filing of a Form I-589 before the issuance of an NTA allows USCIS to retain jurisdiction over the Form I-589. *Cf. Ajlani v. Chertoff*, 545 F.3d 229, 238 (2d Cir. 2008) (affirming the dismissal of a claim challenging the constitutionality of removal proceedings even though the federal complaint was filed before the docketing of the Notice to Appear initiating the removal proceedings). Likewise, there is no legal basis upon which to find that any errors by USCIS in relation to the First NTA or the Form I-589 provide a basis, pursuant to the unclean hands doctrine or otherwise, to permit the Court to require USCIS to adjudicate the Form I-589 or to provide any of the other relief requested by Dzheligov. Accordingly, the Court will grant the Motion to Dismiss. Any relief relating to Dzheligov's Form I-589 must be sought through the Immigration Court.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 13, is GRANTED.
2. The Clerk shall close this case.

Date: January 4, 2024

THEODORE D. CHUANG
United States District Judge

6